UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

ROSA REYES,

                    Plaintiff,                13 Civ. 968

   -against-                                     OPINION

RITE-LINE TRANSPORTATION, INC. and
JAMES DUGAN,

                    Defendants.

------------------------------------------X

A P P E A R A N C E S:

       Attorneys for Plaintiff

        RAPHAELSON AND LEVIN LAW FIRM P.C.
        14 Penn Plaza
        New York, NY 10122
        By:  Andrew Jason Levine, Esq.


       Attorneys for Defendants

        LAW OFFICES OF LORNE M. REITER, LLC
        14 Wall Street, 20th Floor
        New York, NY 10005
        By:  Lorne M. Reiter, Esq.

**Sweet, D.J.**

Plaintiff Rosa Reyes ("Reyes") has moved to remand this case to the Supreme Court of the State of New York, Bronx County (the "Bronx Supreme Court") pursuant to New York Civil Practice Law and Rules ("CPLR") § 602 and 28 U.S.C. § 1447(e). Plaintiff originally filed a verified complaint (the "Complaint") in the Bronx Supreme Court against defendants Rite-Line Transportation, Inc. ("Rite-Line") and James Dugan ("Dugan") (collectively the "Defendants") for negligence. Defendants removed the action to the Southern District of New York based on diversity jurisdiction, 28 U.S.C. § 1441. Plaintiff now moves to remand the case back to the Bronx Supreme Court so that the action may be consolidated with a case currently pending in the Bronx Supreme Court.

Upon the facts and conclusions set forth below, Plaintiff's motion is granted and the action is remanded to the Bronx Supreme Court.

**I. Prior Proceedings**

Plaintiff brought an action against Defendants in the Bronx Supreme Court, under Index Number 20129/2013, by filing the Complaint on January 11, 2013.  Plaintiff alleges that as a result of Defendants' negligence in an automobile collision that occurred on January 14, 2012, she suffered severe and personal injuries to her mind and body, and was subjected to great physical pain and mental anguish.  (Compl. ¶ 41).  On February 11, 2013, the Defendants filed a notice of removal, removing the action from the Bronx Supreme Court to this Court on the ground of diversity.

Plaintiff was granted an extension of time to file a motion to remand, and filed the motion on May 8, 2013.  Defendants opposed the motion on May 28, 2013.  The instant motion was marked fully submitted on June 19, 2013.

## II. **The Facts**

Reyes is a resident of the County of Bronx and the State of New York.  (Compl. ¶ 1).

According to the Plaintiff, Dugan is a resident of the State of Nebraska.  (Id. ¶ 2).  According to the Defendants,

Dugan is a citizen and resident of Johnville, New Brunswick, Canada. (Notice of Removal ¶ 7).

According to the Plaintiff, Rite-Line is a corporation organized and existing under the laws of the State of Montana, with its principal place of business in the State of Montana. (Compl. ¶ 3). According to the Defendants, Rite-Line is a citizen and resident of Florenceville, New Brunswick, Canada. (Notice of Removal ¶ 6).

This matter arises out of an accident involving three vehicles on January 14, 2012. According to the Police Accident Report, which is attached to Plaintiff's motion, Reyes was the operator of a vehicle, which was involved in an accident with a vehicle operated by Dugan and owned by Rite-Line, as well as a vehicle operated by non-party Mike Tamay ("Tamay") and owned by Manuel Tamay (the "Tamay vehicle"). According to the Plaintiff, non-party Carlos Duran-Para ("Duran-Para") was the operator of the Tamay vehicle. (See Motion at 1, ¶ 5). However, the supporting documents attached to the motion suggest that Duran-Para was actually a passenger in the vehicle driven by Reyes.[1]

---

[1] It is noted that there appears to be a conflict between Plaintiff's assertion and Duran-Para's verified complaint, which is attached to the Plaintiff's motion. (Compare Motion at 1, ¶ 5 (alleging that "[a]s a result of the impact to the rear of her vehicle REYES was pushed into a third vehicle which was operated by non party CARLOS DURAN-PARA") and Duran-Para's

3

Prior to Reyes filing her action in the Bronx Supreme Court, Duran-Para commenced a lawsuit in that court, under Index Number 304346/2012. That action arose from the same accident and involved the same parties as the instant action. However, because Duran-Para made allegations of negligence against the Defendants to this case Dugan and Rite-Line as well as the Plaintiff Reyes, a resident of New York, his case is ineligible for removal to federal court as complete diversity would be destroyed. A preliminary conference was held on February 15, 2013, wherein document discovery was ordered and party depositions were directed to occur on May 15, 2013. (Motion at 2, ¶ 8).

Reyes now seeks remand on the grounds that because her lawsuit and Duran-Para's arise out of the same set of facts, they should be consolidated and heard by one court, the Bronx Supreme Court, in order to avoid inconsistency of discovery and trial outcome in the two cases.

### III. The Motion to Remand is Granted

---

complaint at ¶¶ 19-20 (alleging that "REYES controlled a motor vehicle bearing New York registration number, FG5482 . . . [and that] DURAN-PARA was a passenger in the motor vehicle bearing New York registration number, FGE5482.")). Because this fact is not dispositive to the instant motion, the Court merely notes this apparent incongruity to the parties.

4

Plaintiff seeks remand on the basis of CPLR § 602 which states that "when actions involving a common question of law or fact are pending before a court, the court may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." CPLR § 602.

As the Defendants point out however, the two cases that Plaintiff seeks to consolidate are pending before two different courts, one federal and one state. Thus, contrary to Plaintiff's assertion that this motion is a simple matter to consolidate under CPLR § 602(a), the issue is more complex. Moreover, New York's Civil Practice Law and Rules apply to state courts and is inapplicable to a federal court's procedure. Accordingly, an examination of Plaintiff's secondary argument is required.

"It is a fundamental principle that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." <u>Owen Equipment & Erection Co. v . Kroger</u>, 437 U.S. 365, 378, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978). Normally, a district court has subject matter jurisdiction over a civil action if the

5

matter involves a federal question or if the controversy exceeds $75,000 and is between citizens of different states. See 28 U.S.C. §§ 1331, 1332(a)(1). Significantly, "'[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.'" Purdue Pharma L.P. v. Kentucky, 704 F.3d 208, 213 (2d Cir. 2013) (quoting Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994) (alteration in original)).

Plaintiff relies upon an application of 28 U.S.C. § 1447(e), which states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." In the interest of avoiding multiple and duplicative litigation, Congress enacted 28 U.S.C. § 1447(e), which awards federal courts "discretion when deciding whether to remand a case to state court by balancing the equities involved and weighing the interests and prejudices to each party involved." Morze v. Southland Corp, 816 F. Supp. 369, 370 (E.D.Pa. 1993). However, as Defendants correctly point out, Section 1447(e) is

6

inapplicable as to the instant case because there are no additional defendants seeking joinder to destroy diversity.

Plaintiff also cites to Mensah v. World Truck Corp., 210 F. Supp. 2d 320 (S.D.N.Y. 2002), for the proposition that courts have the right to exercise discretion with respect to remanding a case back to state court by balancing the equities, interests and prejudices of the parties involved. Plaintiff contends that this Court should adopt the Mensah court's reasoning and consider the request to remand under the rubric of Section 1447(e).

Plaintiff advances that the present facts are virtually indistinguishable from those in Mensah. In Mensah, the defendants Edward Manning and World Truck Corporation were involved in an accident with a vehicle operated by plaintiff Yaw Mensah. Id. at 321. Like Reyes, Mensah filed the original case in the Bronx Supreme Court and defendants subsequently removed the case to federal court on the basis of diversity. Id. Shortly thereafter, the two passengers in Mensah's car filed two separate actions in the state court. Id. Those actions were not removed. Id. Discovery proceeded slowly in the federal case, the parties failed to meet a schedule trial date, and the case did not settle. The defendants then sought to remand the

7

case back to state court where it could be consolidated with the other two actions for the purposes of a joint trial, which the plaintiff did not oppose.  Id.

In its opinion, the Mensah court acknowledged that such an issue of remand "seems to be a situation of first impression in this Circuit."  Id. at 321 n.1.  The court also recognized that "section 1447(e) addresses the situation, where, after removal, a plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction."  Id. at 322.  It recognized, however, that "[s]uch a situation [did] not exist[] in [that] case, but the policy rationale behind section 1447(e) [could] be applied . . . ."  Id.  The court concluded that it would make "an effort to avoid piecemeal litigation and the risk of inconsistent and contradictory results."  By granting remand, the court found that "the interests of justice" was best served because "all of the claims of the parties will be heard in one forum, reducing the risk of inconsistent results and allowing for a comprehensive resolution of this conflict."  Id.  The Court also stressed that "both parties support remand to state court[,]" which weighed in favor of justice being served by the remand.  Id.

The Plaintiff also relies on Morze to support her motion. 816 F. Supp. at 369. In Morze, a plaintiff commenced an action against defendants for damages sustained on property leased by the defendants. Id. Defendants removed the case based on diversity. Id. During discovery, plaintiff discovered that the franchisee had a duty to clean up the area, and choose to pursue a cause of action against him in state court. Plaintiff thereafter moved to remand the federal court action to state court to consolidate it with the action filed against the franchisee. Id. The joinder of the franchisee, however, "would destroy diversity and thereby divest th[e] court of subject matter jurisdiction over the plaintiff's claims." Id.

In considering the motion, the Morze court noted that the purpose of the federal statute permitting remand is to prevent multiple and duplicative litigation. It determined that the same plaintiff had a potential cause of action against both defendants and that "the elements and facts relevant to each cause of action overlap considerably." Id. Thus, the court held that the plaintiff's motion to remand was an attempt to promote the judicial economy contemplated by the statute. Id.

A strict application of 28 U.S.C. § 1447(e) would result in the grant of remand only where a plaintiff seeks to

join additional defendants who would destroy diversity in the remanded action. However, the Mensah and Morze line of cases suggest that the policy rationale of Section 1447(e) could, and should, extend to avoid "multiple and duplicative litigation[.]" Mensah, 210 F. Supp. 2d at 322. While the parties in Mensah supported the remand in that case, the Court found it to be but one factor and stated that "[t]he most logical, economical and equitable approach is to determine the respective rights and liabilities of all relevant parties inter se in one proceeding." Id. (quoting Morze, 816 F. Supp. at 371).

Accordingly, in weighing the interests and prejudices to each party involved, this matter and the Bronx Supreme Court action appear to share the same operative facts from the events of January 14, 2012, the same evidence such as the Police Accident Report, and involve the same parties and counsel. Absent remand, Plaintiff will most likely unnecessarily and simultaneously litigate identical facts in two jurisdictions, conduct two courses of discovery, and appear for multiple depositions. While Defendant's opposition that diversity jurisdiction has been established is duly noted and appreciated, remand seems especially appropriate here considering the real risk of inconsistent verdicts, inconsistent testimony, and the

potential of the lack of congruity in the resolution of this conflict. Lastly, judicial economy weighs in favor of remand.

### IV. Conclusion

Upon the facts and conclusions set forth above, the Plaintiff's motion to remand is granted and the action is remanded to the Bronx Supreme Court.

It is so ordered.

**New York, NY**
**June 26, 2013**

_____
ROBERT W. SWEET
U.S.D.J.

11